UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD LEE PAIVA

C.A. NO. 10-179 S

TEJ BANSAL, ET AL.

MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Petitioner, Richard Lee Paiva ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions in Cranston, Rhode Island, filed a Complaint on April 19, 2010 (Docket # 1). Plaintiff alleges, *inter alia*, that defendants, doctors Tej Bansal and Jose Arias (together "Defendants"), have been deliberately indifferent to Plaintiff's serious medical needs in violation of his constitutional rights. Presently before the Court are motions pursuant to Rule 37 ("Rule 37") of the Federal Rules of Civil Procedure (the "Federal Rules") for a court order compelling responses to interrogatories and the production of various documents filed by both Plaintiff (Dockets ## 22, 40 & 41) and Defendants (Dockets ## 28 – 31). The parties have objected to the motions (Dockets ## 25, 33, 44 & 45). For the reasons set forth below, Plaintiff's motions are granted in part and denied in part and Defendants' motions are granted.

DISCUSSION

I. Plaintiff's Motions

A. Plaintiff's First Motion (Docket # 22)

Plaintiff alleges that, on July 5, 2010, he propounded ten requests for document production on each of the Defendants pursuant to Federal Rule 34. Plaintiff requested (i) prison records, policies, and reports; (ii) books, documents and other tangible items as well as the identity of medical staff and others who might have knowledge of discoverable information; and (iii) prior complaints or suits against, or reprimands of, Defendants.

However, Defendants failed to produce any documents. Instead they (i) responded that the requests seek documents that are in the possession, custody and control of the Rhode Island Department of Corrections ("R IDOC") (and not the defendants) and/or (ii) objected to the requests as vague, overbroad, and seeking documents that are irrelevant. They also urged that

1

the requests regarding prior complaints were unlikely to lead to the discovery of admissible evidence and were beyond the scope of permissible discovery. Each category of documents requested by Plaintiff is reviewed in turn.

### 1. Prison Records, Policies, and Reports (Requests Nos. 1-6)

Federal Rule 34 provides that a party may request production of certain documents within the responding party's possession, custody, or control. Fed.R.Civ.P. 34(a). Here, Defendants point out that RIDOC, not Defendants, have possession, custody and control of Plaintiff's prison records and ACI medical records, as well as the various RIDOC policies Plaintiff seeks. Accordingly, Plaintiff's motion to compel Defendants to produce such documents is **DENIED**.

### 2. Request for Items and Identities of Persons With Knowledge of Discoverable Materials (Request No. 7)

Plaintiff also requests "Any and all books, documents or other tangible things and the identity of nurses, other medical staff, psychiatric counselors or persons having knowledge of any discoverable materials." First, Federal Rule 26(a) specifically permits parties to obtain information regarding the "the existence, description, nature, custody, condition, and location of any documents or other tangible things" that are relevant to the party's claims or defense. However, Plaintiff's request here for all books, documents or other tangible things, presumably relevant to his claims, is overly broad. Plaintiff must describe the particular items or types of items which he seeks in more detail in his discovery request before Defendants will be required to produce such items. Accordingly, the part of Plaintiff's motion to compel seeking a court order requiring Defendants to produce documents in response to the first part of Plaintiff's Request No. 7 is **DENIED**.

Second, Federal Rule 26(a) also permits parties to obtain "the identity and location of persons who know of any discoverable matter." *Id.* Here, Plaintiff's request for the identities of persons having knowledge of discoverable matter does not request production of documents, and, therefore, should have been propounded as an interrogatory. However, as Plaintiff is acting *pro se* in this action, the Court will overlook the form of Plaintiff's motion. Accordingly, the portion of Plaintiff's motion seeking an order requiring Defendants to provide Plaintiff the identities of any person whom they think has knowledge of discoverable matter is **GRANTED**. Defendants shall provide such identities to Plaintiff within 20 days from the date of this Order.

### 3. Request for Prior Complaints Against Defendants (Requests Nos. 8-10)

Plaintiff also seeks prior complaints or suits against Defendants for neglect, medical malpractice, violating inmates' medical care rights, and/or deliberate indifference as well as any reprimands of Defendants for misbehavior. Defendants object to such requests as vague, overbroad, and irrelevant; unlikely to lead to discoverable information; and outside of the scope of permissible discovery.

Under Federal Rule 26(b)(1), a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1). Relevant information does not need to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Here, the Court agrees that certain documents Plaintiff seeks are relevant. Thus, to the extent Plaintiff's motion to compel seeks production of (i) legal complaints filed against Defendants for neglect, medical malpractice, violating inmates' medical care rights, and/or deliberate indifference and (ii) written reprimands against Defendants for misbehavior, such motion is **GRANTED**. Defendants shall produce either copies or summaries of such documents within 20 days of the date of this Order.

### B. Plaintiff's Second and Third Motions (Dockets ## 40 & 41)

In Plaintiff's second and third motions to compel, he seeks a Court order compelling defendants Dr. Bansal and Dr. Arias, respectively, to provide additional responses to the 24 interrogatories propounded on each of them. However, Plaintiff does not state how the answers Defendants provided are insufficient. After reviewing the interrogatories and responses thereto, I find that Plaintiff's motion should be **DENIED** as to Interrogatories Nos. 1, 2, and 6 – 24. However, Plaintiff's motion is **GRANTED** with respect to Interrogatories Nos. 3 – 5. Within 20 days of the date of this Order, Defendants shall be required to provide additional responsive substantive information, if any, regarding lawsuits filed against them, as requested in Interrogatories Nos. 3 & 4 (to the extent such information is not privileged or protected), as well as name any individual whom they know or believe is a witness to the matters claimed by Plaintiff in the Complaint (even if they do not have knowledge as to every person with such knowledge).

## II. Defendants' Motions To Compel (Dockets ## 28 – 31)

Defendants Dr. Bansal and Dr. Arias have each filed motions for Court orders compelling Plaintiff to provide further responses to 20 interrogatories and to produce documents in response to 18 requests for documents. Plaintiff objected that each request was vague, overly broad, and sought irrelevant information. As the requests for interrogatory responses and document production relate specifically to the claims of inadequate medical care Plaintiff alleges in his Complaint and are neither vague nor overly broad, Defendants' motions to compel are **GRANTED**. Plaintiff shall provide substantive responses to Defendants' interrogatories and document production requests within 20 days of the date of this Order. (I note that (i) Defendants' Request for Production of Documents No. 11 (seeking preserved statements given by individuals having knowledge of the matters alleged in the Complaint) shall, of course, be limited to preserved statements relating to the matters alleged in the Complaint and (ii) if Plaintiff is unable to obtain any documents requested by Defendants, he shall so state in response to Defendants' request for production of such document.)

## III. Summary

As more fully described above:

(i) Plaintiff's First Motion (Docket # 22) is **GRANTED** with respect to part of Request No. 7 and fully as to Requests Nos. 8-10, and **DENIED** as to Requests Nos. 1-6 and part of 7;

(ii) Plaintiff's Second and Third Motions to Compel (Dockets ## 40 & 41) are **GRANTED** with respect to Interrogatories Nos. 3 – 5 and **DENIED** with respect to Interrogatories Nos. 1, 2 & 6 – 24;

(iii) Defendants Four Motions to Compel (Dockets ## 28 – 31) are **GRANTED**.

IT IS SO ORDERED.

_____
Jacob Hagopian
Senior United States Magistrate Judge
February 17, 2011