UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD LEE PAIVA

C.A. NO. 10-179

TEJ BANSAL, ET AL.

FILED
2011 APR 27 P 2: 17
U.S. DISTRICT COURT
RHODE ISLAND

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Richard Lee Paiva ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed the instant action against urging that certain ACI doctors ("Defendants") are failing to provide him with adequate medical care. Plaintiff is indigent and proceeding *in foma pauperis* pursuant to 28 U.S.C. § 1915 ("§ 1915") in this action.

Presently before the Court are two motions filed by Plaintiff: (i) a motion pursuant to Rule 35 ("Rule 35") of the Federal Rules of Civil Procedure seeking a Court order requiring Defendants to take Plaintiff to an outside doctor for examination and promptly carry out all medical treatment prescribed by such outside doctor ("Rule 35 Motion") (Docket # 36) and (ii) a motion pursuant to Rule 706 of the Federal Rules of Evidence ("Rule 706") seeking a Court order appointing a medical expert on Plaintiff's behalf ("Rule 706 Motion") (Docket # 38). Defendants objected to Plaintiff's Rule 706 Motion (Docket # 46). For the reasons set forth below, Plaintiff's motions are DENIED.

## DISCUSSION

### I. Rule 35: Medical Examination

Rule 35 empowers a court to "order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination ... [or] to order a party to produce for examination a person who is in its custody or under its legal control." Fed.R.Civ.P. 35(a). As discussed below, Plaintiff may not enlist this discovery rule as a mechanism to compel a medical examination of himself to obtain either (i) medical treatment or (ii) evidence supporting his legal claims at the expense of the Defendants, the ACI, or the Court.

Rule 35 allows the court to compel a medical examination on the motion of an *opposing party*, it "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. U.S.*, 74 Fed. App'x 611, 614 (7th Cir. 2003); *see also Warren v. Dep't of Corr.*, No. 10-5239, 2011 WL 308615, at *1 (W.D.Wash. Jan. 26, 2011);

1

*Cabrera v. Williams*, No. 05-3121, 2007 WL 2682163, at *2 (D.Neb. Sept 7, 2007)(citing cases). The language in Rule 35 authorizing courts to order a party to "produce for examination a person who is in its custody or under its legal control" allows courts to compel a parent, guardian or other person suing to recover injuries to a minor or other person under his or her control to produce such minor or other person on the motion of an opposing party; it is not intended for a situation where a prisoner-plaintiff wishes an examination of himself. *See* 8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §2233 (2d ed. 1994); *see also Lindell v. Daley*, No. 02-459, 2003 WL 23111624, at *1-2 (W.D.Wis. June 30, 2003).

Further, to the extent Plaintiff's Rule 35 Motion could be interpreted as a motion for a preliminary injunction requiring Defendants to take him to an outside medical specialist and provide him the medical treatment recommended by such expert, *see Rhinehart v. Scutt*, No. 10-10006, 2010 WL 3701788, at *3 (E.D.Mich. Aug. 16, 2010)(analyzing a Rule 35 motion as a motion for injunctive relief), such motion also fails. As set forth in the Report and Recommendation issued simultaneously herewith denying Plaintiff's motion for temporary injunctive relief, at this stage of the action, Plaintiff has not shown that he is likely to succeed on his claim that Defendants are acting with deliberate indifference to his medical needs.

Additionally, although Plaintiff is proceeding *in forma pauperis*, he may not use Rule 35 to obtain an expert medical witness at the Court's expense. *See Whaley v. Erickson*, No. 05-898, 2006 WL 3692633, at *2-3 (E.D.Wis. Dec. 11, 2006) ("[T]he court is not obligated to subsidize the plaintiff's litigation by paying for him to present expert witness testimony, even though he is proceeding *in forma pauperis*")(citing *McNeil v. Lowery*, 831 F.2d 1368, 1373 (7th Cir. 1987)); *cf. Matthews v. Cordeiro*, 256 Fed. Appx. 373, 375 (1st Cir. 2007)(in denying prisoner's requests for subpoenas, noted, "[F]ederal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant")(citing *Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993)).

Finally, Defendants have stated that they do not object to Plaintiff being examined by an outside doctor provided Plaintiff arrange for and pay the costs of such independent examination. *See* Defendants' Objection to Plaintiff's Motion for Declaratory Judgment (Docket # 43); Amended Complaint (Docket # 71), Exh. C at pp. 1 & 11. Therefore, Defendants are not preventing Plaintiff from obtaining his own expert medical witness. *See Rhinehart*, 2010 WL 3701788, at *3 (noting that prison officials may be compelled to allow a prisoner-plaintiff to retain his own medical expert, but rejecting the prisoner-plaintiff's motion to compel the government to bear the cost of and responsibility for hiring an independent medical examiner).

Accordingly, Plaintiff's instant Rule 35 Motion seeking an order that he be delivered to a doctor outside the ACI for a medical examination is hereby DENIED.

## II.   Rule 706:  Medical Expert

Similarly, Plaintiff's attempt to employ Rule 706 as a means of obtaining a medical expert to testify on his behalf also fails. Rule 706 authorizes the court to appoint an expert witness to testify in an action and order reasonable compensation be paid to the witness by the parties, in such proportion as the court directs. Fed.R.Civ.P. 706(a) & (b). While, as indicated above, § 1915 does not authorize a court to pay for an expert witness on behalf of an indigent party, *see Matthews*, 256 Fed. Appx. at 375; *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3ᵈ Cir. 1987), Rule 706 affords a court broad discretion to appoint an expert and, if one side is indigent, apportion the fee entirely to the other party. *See Ledford v. Sullivan*, 105 F.3d 354, 360-61 (7th Cir. 1997); *Swan v. U.S.*, 738 F.Supp.2d 203, 206 (D.Mass. 2010).

Nonetheless, courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify appointing an expert witness under this rule. *See* 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6304 (1st ed. 1997)("FPP § 6304"); Fed.R.Evid. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence"); *Tangwall v. Robb*, No. 01-10008, 2003 WL 23142190, at *4 (E.D.Mich. Dec. 23, 2003) (appointment of expert is "extraordinary" and "rare" and requires "compelling" circumstances).

Here, Plaintiff has not shown compelling circumstances warranting the appointment of an expert witness. First, and most importantly, the purpose of Rule 706 is to assist the factfinding of the court, not to benefit a particular party. *See Carranza v. Fraas*, -- F.Supp.2d --, 2011 WL 380164, at *4 (D.D.C. Feb. 7, 2011); *Swan v. U.S.*, 698 F.Supp.2d 227, 233 (D.Mass. 2010); *Hannah v. United States*, 2006 WL 2583190, at *4 (N.D.Tex. Sept. 1, 2006) (declining Rule 706 motion by *pro se* prisoner seeking an advocate for his inadequate medical care claim rather than a neutral expert view for the court), *affm'd* 523 F.3d 597 (5th Cir. 2008); *Tangwall*, 2003 WL 23142190, at *4 (declining to appoint expert witness under Rule 706 because such appointment "would be tantamount to the Court assisting the plaintiff in proving his case"). Plaintiff's instant Rule 706 Motion, which specifically seeks a court appointed medical expert witness on Plaintiff's "*behalf*," *see* Rule 706 Motion (emphasis added), is therefore misplaced.

Second, the medical issue at the crux of Plaintiff's lawsuit – regarding Defendants' treatment of Plaintiff's back injury – is neither complex nor esoteric. *See* FPP § 6304 ("The most

3

important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance").

Third, Plaintiff's indigent status does not alter the analysis here. Courts are split as to whether an indigent plaintiff's inability to present an expert witness should factor into the Rule 706 determination, and the First Circuit has not addressed the issue. *See Swan*, 738 F.Supp.2d at 206; *compare Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir.1996) (stating that one side's indigent status "could provide further reason to appoint an expert") *and* FPP § 6304 ("Appointment of a court expert also may be justified where the parties entirely fail to present expert testimony or only some parties present such testimony, thus depriving the trier of fact of a balanced view of the issues"), *with Kerwin v. Varner*, No. 03-3352, 2006 WL 3742738, at *2 (M.D.Pa. Dec. 15, 2006)("Rule 706 ... allows only for the appointment of an expert to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not") *and Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F.Supp. 378, 383 (D.D.C. 1985)(*pro se* litigant's inability to secure an expert witness case did not constitute a "compelling circumstance" warranting a court-appointed expert). However, even if Plaintiff's indigent status were considered here, Plaintiff has not described any attempts to obtain (i) an expert medical witness, (ii) testimony from his former doctors, or (ii) as suggested by other courts considering the issue, an attorney who might have connections to an expert witness. *See Swan*, 738 F.Supp.2d at 206 (declining to appoint expert witness and instead urging prisoner-plaintiff attempt to obtain an attorney); *cf. Boring*, 833 F.2d at 474 (recognizing dilemma created by ruling that § 1915 did not authorize courts to pay expert witness fees for indigent prisoners in civil cases and explaining that nonprisoners often resolve the dilemma "through contingent fee retainers with provisions for arranging expert testimony"). Plaintiff, therefore, has not shown that judicial intervention is necessary or appropriate here.

Accordingly, as Plaintiff has not shown that the Court should exercise its discretion to appoint an expert in this action, Plaintiff's Rule 706 Motion is DENIED at this time.

## CONCLUSION

For the reasons stated above, Plaintiff's motions for a medical examination pursuant to Rule 35 and the appointment of an expert pursuant to Rule 706 are DENIED.

IT IS SO ORDERED.

_____
Jacob Hagopian
Senior United States Magistrate Judge
April 26, 2011

4